UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-26089-CV-DIMITROULEAS**

BRAYAN ALEXIS GRAMAJO ZABALETA,

Petitioner,

v.

WARDEN, KROME NORTH SERVICE PROCESSING CENTER, *et al.*,

Respondents.
_____________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Brayan Alexis Gramajo Zabaleta ("Petitioner")'s *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [DE 1], filed September 3, 2026. The Court has considered the Petition, the Respondent's September 9, 2026, Response [DE 6], notes that no Reply was filed by Petitioner[1], and is otherwise fully advised in the premises.

In Petitioner's prior habeas petition, the Court ruled that "Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[.]" *See* Order at 6, *Brayan Alexis Gramajo-Zabaleta v. Todd Blanche, et al.*, No. 26-cv-22617-DPG (S.D. Fla. April 27, 2026), Dkt. No. 7. On May 6, 2026, Petitioner was provided a bond hearing before an immigration judge. [DE 6-6]. The immigration judge denied bond based on a finding that Petitioner posed a flight risk. [*Id.* at 1]. In the instant Petition, Petitioner challenges the outcome

---

[1] The Court's September 4, 2026 Order Requiring Expedited Response from Respondents permitted Petitioner to file a reply on or before September 14, 2026. *See* [DE 4].

of the bond hearing, arguing that "the prior bond proceedings did not provide Petitioner with a meaningful and constitutionally adequate opportunity to present the evidence relevant to his liberty interest." The Court declines to comment on Petitioner's challenge to the outcome of the bond hearing, which is not properly before the Court, and which lies in the sound discretion of the immigration judge. See 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). And to the extent Petitioner challenges the adequacy of the process provided to him at the bond hearing, Petitioner concedes that he has not yet exhausted administrative remedies. [DE 1 ¶¶ 16–17]. Petitioner argues that exhaustion should be excused because "immigration courts and the Board of Immigration Appeals lack authority to grant habeas corpus relief, order Petitioner's release, or adjudicate the constitutional claims raised in the Petition." [DE 1 ¶ 16]. The Court declines to excuse Petitioner's failure to exhaust administrative remedies, as he may bring his due process claims to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. § 1236.1(d)(3)(i); 8 C.F.R. § 1003.38; *see also Gonzalez v. U.S. Att'y Gen.,* 729 F. App'x 853, 857 (11th Cir. 2018) ("[Petitioner's] claim that his due process rights were violated because he never received a full hearing is precisely the type of claim the BIA can review[.]"); *Dimitrijevski v. U.S. Att'y. Gen.*, 363 F. App'x 710, 715 (11th Cir. 2010) ("Procedural due process claims are subject to the exhaustion requirement."); *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir.2006) (concluding that the alleged denial of a full and fair hearing before the IJ is the type of procedural due process error that requires exhaustion).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus [**DE 1**] is **DENIED**.
2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

Brayan Alexis Gramajo Zabaleta, *Pro Se*
A# 216442685
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194